IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY POPOVICH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 04-885 |
| | ) |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

# OPINION and ORDER OF COURT

## SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. (Docket Nos. 14 and 18). Both parties have filed Briefs in Support of their Motions. (Docket Nos. 15 and 19). After careful consideration of the parties' submissions, and for the reasons discussed below, Defendant's Motion (Docket No. 18) is granted and Plaintiff's Motion (Docket No. 14) is denied.

## I. BACKGROUND

Plaintiff brings this action under 42 U.S.C. § 405(g), for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f.

On or about September 18, 2001 (protective filing date), Plaintiff filed the instant application alleging disability since January 1, 1964 due to spinal curvature and developmental recess. (R. 13-14).[1] On January 31, 2002, the Social Security Administration denied Plaintiff's application for SSI. (R. 26). Plaintiff requested a hearing. (R. 21). Administrative Law Judge Melvin Rosenberg ("ALJ") conducted a hearing on December 3, 2002, at which Plaintiff, who was represented by counsel, and a vocational expert testified. (R. 15). On March 25, 2003, the ALJ determined Plaintiff is not disabled. (R. 10).[2] The Appeals Council subsequently denied Plaintiff's request for a review of the ALJ's decision. (R. 4-6). Having thus exhausted her administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. Plaintiff raises two issues on appeal:

> 1. Whether the ALJ erred in determining Plaintiff was not disabled under § 204.04 of the Medical Vocational Guidelines ("GRIDs"). Pl.'s Br. at 5.
>
> 2. Whether the ALJ, by not including Plaintiff's history of work errors committed in less strenuous jobs, her alleged need for a job coach, and her supposed inability to be restricted to one work area, failed to properly consider Plaintiff's learning disability and limited I.Q. scores in his hypothetical question posed to the vocational expert, thus rendering his subsequent determination that there is other significant gainful activity Plaintiff can perform in the national economy, error. *Id.* at 3-5.

---

[1] On January 23, 2002, Plaintiff filed an application for Title II Childhood Disability Benefits on the earnings of her father and her claim was denied on January 31, 2002. (R. 13, 166). Plaintiff has declined to pursue the denial of that application on appeal. Pl.'s Br. at 2-6.

[2] This case was decided under a test program in which there is no reconsideration of the Agency's initial decision. *See* 20 C.F.R. § 416.1406. Therefore, the claim proceeded directly from the initial determination to the hearing level.

I will address each of these issues in turn.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel*, 995 F. Supp. 549, 552 (E.D. Pa. 1998). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See* 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A); *Brewster v. Heckler*, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 416.920. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful

activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. § 416.920. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record, may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984).

**B.  WHETHER THE ALJ ERRED IN FAILING TO FIND PLAINTIFF DISABLED UNDER §202.04 OF THE MEDICAL VOCATIONAL GUIDELINES.**

Plaintiff argues that the ALJ erred in determining she was not disabled under § 202.04 of the Medical Vocational Guidelines ("GRIDs") despite her mental limitations. Pl.'s Br. at 5; *see* 20 C.F.R., pt. 404, subpt. P, app. 2, § 202.04. I disagree. To be considered for disability under GRIDs § 202.04, a claimant must be limited to light work as a result of severe medically determinable impairments. *See* 20 C.F.R., pt. 404, subpt. P, app. 2, § 202.04. It is improper, however, to apply the GRIDs directly when

solely nonexertional impairments are at issue. 20 C.F.R.§ 416.969a(c)(2); *Green v. Schweiker*, 749 F.2d 1066, 1072 (3d Cir. 1984); *Claussen v. Chater*, 950 F. Supp. 1287, 1297 (D.N.J. 1996). Limitations are "exertional" if they affect a claimant's ability to meet the strength demands of jobs. 20 C.F.R. § 416.969a. Limitations not affecting a claimant's ability to meet the strength demands of jobs are considered nonexertional. *Id.*

The United States Department of Labor classifies a job by exertional levels (sedentary, light, medium, heavy, very heavy) in terms of the *strength* demands for sitting, standing, walking, lifting, carrying, pushing and pulling. *See* 20 C.F.R., pt. 404, subpt. P, app. 2, § 200.00(a); 20 C.F.R. § 416.969a(a). In other words, the ability to perform at a certain exertional level depends upon physical *strength,* not mental function. *See* 20 C.F.R. § 416.969a. Here, there is record evidence that Plaintiff is a "fairly dependent individual" who had "borderline intellectual function." (R. 111). Nothing in the record, however, indicates that Plaintiff's borderline intellectual functioning limits her strength or exertional abilities. Plaintiff's mental limitations therefore do not constitute "exertional" impairments because they do not affect her ability to meet the strength demands of given jobs.

Moreover, there is substantial evidence to support the ALJ's finding that Plaintiff has no other exertional limitations. As the ALJ noted, the medical record in this case is minimal. (R. 15). Further, the objective medical evidence that exists does not indicate any exertional limitations. (R. 15). For example, Dr. Lebovitz, who completed a consultative physical disability examination of Plaintiff on October 22,

2001, noted that Plaintiff was able to walk and to climb onto his examination table without difficulty. (R. 108). Moreover, Plaintiff had full range of motion of her neck, upper extremities, lower extremities, and spine. (R.108-09). Plaintiff further stated that the discomfort in her lower back was "nothing worth mentioning." (R. 106).

Based upon the foregoing substantial evidence, the ALJ correctly held that Plaintiff had no exertional limitations. Therefore, Plaintiff's argument that she is disabled under the criteria set forth in § 202.04 of the Medical Vocational Guidelines is without merit.

### C. **WHETHER THE ALJ FAILED TO PROPERLY CONSIDER PLAINTIFF'S LEARNING DISABILITY AND LIMITED I.Q. SCORES IN HIS HYPOTHETICAL POSED TO THE VOCATIONAL EXPERT, THUS RENDERING HIS SUBSEQUENT DETERMINATION THAT THERE IS OTHER SIGNIFICANT GAINFUL ACTIVITY PLAINTIFF CAN PERFORM, ERROR.**

Plaintiff contends that the ALJ failed to properly consider her learning disability and limited I.Q. scores in his hypothetical posed to the vocational expert, thus rendering his subsequent determination that there is other significant gainful activity Plaintiff can perform in the national economy, error. Pl.'s Br. at 3-5. After a review of the evidence and for the reasons set forth below, I disagree.

A vocational expert's testimony regarding a claimant's ability to perform alternative employment may only be considered in determining disability if the hypothetical accurately conveys the claimant's individual physical and mental impairments. *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984) (citing *Tennant v. Schweiker*, 682 F.2d 707, 711 (8th Cir. 1982)). The vocational expert must evaluate only those particular impairments that are supported by the record. *Plummer v.*

*Apfel*, 186 F.3d 422, 431 (3d Cir. 1999); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987); *Wallace v. Secretary*, 722 F.2d 1150, 1155 (3d Cir.1983). An ALJ has wide latitude in posing hypothetical questions, and the existence and extent of impairments included in a question are matters to be decided by the ALJ. *See, e.g., Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1986).

Here, the ALJ asked the vocational expert about a hypothetical person with the following characteristics: is age fifty-five, is a high school graduate, worked as a fast food hostess, has spinal scoliosis, has had corneal transplants which temporarily limited her to light work, has no exertional limitations, has an I.Q. between 70 and 76, is fairly dependent, has good attendance at work, is able to follow directions but chooses to disregard them, and tends not to make necessary corrections to her errors. (R. 181-82). Plaintiff argues that this question was defective because the ALJ supposedly failed to include Plaintiff's history of errors committed in less strenuous jobs, her alleged need for a job coach, and inability to be restricted to one work area. Pl.'s Br. at 3-5. This argument is without merit.

First, the ALJ's hypothetical question directly addressed Plaintiff's work errors by citing Plaintiff's choice to disregard directions and not make corrections to her errors. (R. 181-82). Thus, there is no error in this regard. Second, although I agree with Plaintiff that the ALJ did not reference in his question either Plaintiff's alleged need for a job coach or her supposed inability to remain in one work area, this omission was not erroneous. (R. 181-82). As explained above, the vocational expert need only review the impairments supported by the record. *Chrupcala*, 829 F.2d at

1276. Here, after a careful review, I find that neither a need for a job coach nor an inability to remain in one work area is supported by the record. Dr. Landefeld, who completed a psychological disability consultative exam of Plaintiff on November 16, 2001, and Dr. Lebovitz do not make mention of these supposed requirements in their reports. (R. 106-11). In addition, the ALJ specifically noted at the hearing that more evidence was required in order for Plaintiff to assert that she needed a job coach to work. (R. 184-85). Plaintiff never provided such information. Within the record, only the Beaver County Rehabilitation Center ("BCRC") assessment mentions Plaintiff's ability to work in one area. (R. 101). The BCRC assessment only notes, however, that Plaintiff "performed best [when] she was able to move around"; it does not state that this was an absolute requirement to her performing a given job. (R. 101). Additionally, there is no evidence that the jobs of hand packer, assembler, sorter or grader suggested by the vocational expert would isolate Plaintiff to one area.

Based upon the foregoing, the ALJ properly considered Plaintiff's borderline intellectual functioning in his hypothetical question to the vocational expert. Consequently, the ALJ properly relied on the vocational expert's testimony in support of his determination that there is other significant gainful activity Plaintiff can perform in the national economy.

### III. <u>CONCLUSION</u>

In sum, based upon the evidence in the record, the arguments of counsel, and the briefs filed in support of and in opposition thereto, I conclude that the ALJ

properly analyzed Plaintiff's claim and that substantial evidence supports the ALJ's finding that Plaintiff is not disabled within the meaning of the Social Security Act. Accordingly, the ALJ's decision denying Plaintiff's application for supplemental security income will be affirmed.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY POPOVICH, | ) |
| | ) |
| Plaintiff, | ) |
| -vs- | ) |
| | ) Civil Action No. 04-885 |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) |
| | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## ORDER OF COURT

AND NOW, this **14th** day of July, 2005, after careful consideration, and for the reasons set forth in the accompanying Opinion, it is ORDERED that Defendant's Motion for Summary Judgment (Docket No. 18) is GRANTED. Plaintiff's Motion for Summary Judgment (Docket No. 14) is DENIED.  Judgment is entered in favor of Defendant and against Plaintiff. The Clerk of Courts is directed to mark this case "CLOSED" *forthwith.*

BY THE COURT:

s/Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge

10